**AHAVA (USA), INC., Plaintiff,**

v.

**J.W.G., LTD. Defendant.**

**No. 03 Civ.653 VM.**

United States District Court, S.D. New York.

Aug. 19, 2003.

Marc P. Misthal, Gottlieb, Rackman & Reisman, New York City, for Plaintiff.

Ralph Fucetola, Newton, NJ, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Ahava (USA), Inc. ("Ahava") filed a motion for a preliminary injunction on January 31, 2003 (the "Motion") seeking to bar defendant J.W.G., Ltd. ("JWG") from selling to consumers in the United States through JWG's website, *www.judaicawebstore.com* (the "Website") certain health and beauty care products (the "Products") that were manufactured by Dead Sea Laboratories, Ltd. in Israel under the trademarked brand name AHAVA and purchased by JWG in Israel. Following an evidentiary hearing held before the Court on February 28, 2003, the Court issued an Order dated February 28, 2003 granting the Motion, and a subsequent Decision and Order, dated March 17, 2003 (the "Decision"), outlining its findings, reasoning and conclusions.

On June 19, 2003, pursuant to a motion filed by Ahava on June 11, 2003, the Court entered default judgment (the "Judgment") against JWG. The Judgment decreed, *inter alia*, that JWG was permanently enjoined from selling the Products through the Website to consumers in the United States. In a letter dated July 8, 2003 (the "Letter"), JWG denied having submitted to the jurisdiction of this Court and indicated its intention to continue selling the Products to American consumers in violation of the Judgment. Because the Letter clearly raised the possibility that the permanent injunction ordered in the Judgment was being and would continue to be violated, the Court called for the parties to appear before the Court on Friday, August 1, 2003 for an evidentiary hearing (the "Hearing") to determine whether JWG was violating any of the terms of the Judgment. The Court also ordered JWG to show cause by August 1, 2003 why Ahava's motion to hold JWG in contempt of Court should not be granted.

JWG did not attend the Hearing, but Ahava did and presented further evidence that the terms of the Judgment were continuing to be violated by JWG. At the close of the Hearing, the Court agreed to consider a future motion by Ahava to find JWG in contempt of court. In a letter dated August 6, 2003, Ahava enclosed a proposed contempt order (the "Proposed Order") that required JWG to cease any activities barred by the Judgment within ten days of the Court entering the Proposed Order, and requiring JWG to remit to Ahava its gross profits earned from the sale of the Products to customers in the United States and plaintiff's attorneys' fees and costs incurred in connection with the motion for contempt. The Proposed Order further requested that a fine of $1,000 per day be imposed upon JWG if JWG did not cease conducting the barred activities.

■ The Court is persuaded that the Proposed Order imposes fair sanctions upon JWG, especially in light of JWG's continued refusal to abide by the Court's rulings. The Supreme Court has permitted courts to order sanctions if necessary to coerce compliance with the courts' or-

ders. *See United States v. United Mine Workers of Am.,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Indeed, the Court has previously imposed nearly identical sanctions as those that Ahava requests for "indirect" civil contempt—that is, contempt resulting from actions occurring outside the courtroom—in an effort to compel future compliance with a court order. *See, e.g., A.V. By Versace, Inc. v. Gianni Versace, S.p.A.,* 87 F.Supp.2d 281, 296–97 (S.D.N.Y.2000); *Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc.,* 939 F.Supp. 1032, 1041 (S.D.N.Y.1996). Such sanctions may be imposed "in an ordinary civil proceeding upon notice and an opportunity to be heard." *International Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). Neither a jury trial nor proof beyond a reasonable doubt is necessary. *See id.*

■ JWG has had its opportunity to be heard several times over the past few months, most recently at the Hearing, and still does not need to be subject to sanctions if it simply complies with the Court's clearly stated orders in the Judgment within the next ten days. Accordingly, it is hereby

**ORDERED** that the attached Order, executed by the Court on August 18, 2003, shall impose the specified sanctions on J.W.G., Ltd., including a fine of $1,000 per day if J.W.G., Ltd. does not comply with the Order within ten days of the Order.

**SO ORDERED.**